# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Zohar III, Corp., *et al.*,[1]<br><br>                      Debtors. | Chapter 11<br><br>Case No. 18-10512 (KBO)<br><br>Jointly Administered |
| LYNN TILTON; PATRIARCH PARTNERS VIII, LLC; PATRIARCH PARTNERS XIV, LLC; PATRIARCH PARTNERS XV, LLC; OCTALUNA, LLC; OCTALUNA II, LLC; AND OCTALUNA III, LLC,<br><br>                      Plaintiffs,<br><br>v.<br><br>MBIA INC., MBIA INSURANCE CORPORATION, U.S. BANK, N.A., ALVAREZ & MARSAL ZOHAR MANAGEMENT, CREDIT VALUE PARTNERS, LP, BARDIN HILL INVESTMENT PARTNERS F/K/A HALCYON CAPITAL MANAGEMENT LP, COÖPERATIEVE RABOBANK U.A., VÄRDE PARTNERS, INC., ASCENSION ALPHA FUND LLC, ASCENSION HEALTH MASTER PENSION TRUST, CAZ HALCYON OFFSHORE STRATEGIC OPPORTUNITIES FUND, L.P., CAZ HALCYON STRATEGIC OPPORTUNITIES FUND, L.P., BROWN UNIVERSITY, HCN LP, HALCYON EVERSOURCE CREDIT LLC, HLF LP, HLDR FUND I NUS LP, HLDR FUND I TE LP, HLDR FUND I UST LP, HALCYON VALLÉE BLANCHE MASTER FUND LP, BARDIN HILL EVENT-DRIVEN MASTER FUND LP, PRAETOR | Adversary No. 19-50390 (KBO)<br><br>**Related to Adv. Docket No. 4** |

---

[1] The Debtors, and, where applicable, the last four digits of each of their respective taxpayer identification numbers, are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

| FUND I, A SUB FUND OF PRAETORIUM FUND I ICAV; HIRTLE CALLAGHAN TOTAL RETURN OFFSHORE FUND LIMITED; HIRTLE CALLAGHAN TOTAL RETURN OFFSHORE FUND II LIMITED; HIRTLE CALLAGHAN TRADING PARTNERS, L.P.; AND THIRD SERIES OF HDML FUND I LLC., |
|---|
| Defendants. |

## ORDER AUTHORIZING FILING OF COMPLAINT UNDER SEAL

Upon consideration of the motion (the "Motion")[2] filed by Plaintiffs for entry of an order Plaintiffs to file their Complaint under seal in order to provide Defendants and Debtors an opportunity to propose redactions; and it appearing the relief requested in the Motion is in the best interests of the parties in interest; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and that the legal and factual bases set forth in the Motion support the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Motion is GRANTED as provided herein.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings afforded to them in the Motion.

57772/0001-17905088v2

2. Plaintiffs are authorized (a) to file their Complaint under seal (the "Sealed Complaint") in order to provide Defendants and Debtors an opportunity to propose redactions; and (b) to file a publicly viewable of the Complaint on the public docket pursuant to Local Rule 9018-1(d). The publicly viewable Complaint shall be filed by January 10, 2020.

3. The Sealed Complaint shall not be made available to anyone, except to the Court, the U.S. Trustee, the Debtors, MBIA, the Zohar III Controlling Class, and other parties in interest as may be ordered or otherwise required by the Court, and all parties receiving the Sealed Complaint shall maintain its confidentiality and the confidentiality of its subject matter, including in connection with any pleadings filed with this Court.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. Plaintiffs are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

Dated: December 19th, 2019
Wilmington, Delaware

KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE

57772/0001-17905088v2