# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ZOHAR III, CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-10512 (KBO)<br><br>Jointly Administered<br>**Related to Docket No. 1723**<br>**Hearing Date: July 14, 2020 at 1:00 p.m.**<br>**Obj. Deadline: July 7, 2020 at 4:00 p.m.** |
| LYNN TILTON; PATRIARCH PARTNERS VIII, LLC; PATRIARCH PARTNERS XIV, LLC; PATRIARCH PARTNERS XV, LLC; OCTALUNA, LLC; OCTALUNA II, LLC; and OCTALUNA III, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MBIA INC., MBIA INSURANCE CORPORATION, U.S. BANK, N.A., ALVAREZ & MARSAL ZOHAR MANAGEMENT, CREDIT VALUE PARTNERS, LP, BARDIN HILL INVESTMENT PARTNERS F/K/A HALCYON CAPITAL MANAGEMENT LP, COÖPERATIEVE RABOBANK U.A., VÄRDE PARTNERS, INC., ASCENSION ALPHA FUND LLC, ASCENSION HEALTH MASTER PENSION TRUST, CAZ HALCYON OFFSHORE STRATEGIC OPPORTUNITIES FUND, L.P., CAZ HALCYON STRATEGIC OPPORTUNITIES FUND, L.P., BROWN UNIVERSITY, HCN LP, HALCYON EVERSOURCE CREDIT LLC, HLF LP, HLDR FUND I NUS LP, HLDR FUND I TE LP, HLDR FUND I UST LP, HALCYON VALLÉE BLANCHE MASTER FUND LP, BARDIN HILL | Adv. Pro. No. 19-50390 (KBO)<br><br>**Related to Adv. Docket No. 33** |

---

[1] The "Debtors," and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited ("Zohar III") (9261), Zohar II 2005-1, Limited ("Zohar II") (8297), and Zohar CDO 2003-1, Limited (together with Zohar II and Zohar III, the "Zohar Funds") (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

| |
|---|
| EVENT-DRIVEN MASTER FUND LP, PRAETOR FUND I, A SUB FUND OF PRAETORIUM FUND I ICAV; HIRTLE CALLAGHAN TOTAL RETURN OFFSHORE FUND LIMITED; HIRTLE CALLAGHAN TOTAL RETURN OFFSHORE FUND II LIMITED; HIRTLE CALLAGHAN TRADING PARTNERS, L.P.; and THIRD SERIES OF HDML FUND I LLC, |
|             Defendants. |

### PLAINTIFFS' LIMITED OBJECTION TO MOTION TO EXTEND TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT

Plaintiffs Lynn Tilton, Patriarch Partners VIII, LLC, Patriarch Partners XIV, LLC, Patriarch Partners XV, LLC, Octaluna, LLC, Octaluna II, LLC, and Octaluna III, LLC (collectively, "Patriarch" or the "Plaintiffs"), by and through their counsel, hereby submit this limited objection (the "Objection"), to the *Defendants MBIA Inc.'s, MBIA Insurance Corporation's, Zohar III Noteholders', U.S. Bank, N.A.'s and Alvarez & Marsal Zohar Management's Motion to Extend Time to Answer or Otherwise Respond to the Complaint* [D.I. 33] (the "Motion to Extend Time"). In support of the Objection, the Plaintiffs respectfully represent as follows:

### LIMITED OBJECTION

1. As set forth in detail in Patriarch's *Motion to Extend Time to Answer or Otherwise Respond to the Complaint* (the "Patriarch Motion to Extend Time"), filed in *Zohar CDO 2003-1 v. Patriarch Partners, LLC*, Adv. No. 20-50534 (KBO) [D.I. 21], and attached hereto as Exhibit A, MBIA[2] and the Zohar III Noteholders have argued vehemently that certain actions pending in the United States District Court for the Southern District of New York should be transferred to this

---

[2] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Patriarch Motion to Extend Time.

Court because the proceedings are "inextricably intertwined," and for that reason they (along with the Debtors) moved to transfer those proceedings to this Court.

2. Although Patriarch has previously granted four extensions totaling over six months of additional time to the Equitable Subordination Defendants (including MBIA and certain Zohar III Noteholders), nominally so the various pending complaints can be consolidated for efficient disposition in the event the Transfer Motions are granted, the Zohar Plaintiffs now refuse to extend the same courtesy to the Patriarch Defendants, notwithstanding that the Equitable Subordination Defendants recently filed their Motion to Extend Time, seeking a further extension of time based on the resolution of the Transfer Motions; Patriarch advised the Equitable Subordination Defendants that it would consent to a fifth further extension of time provided the Patriarch Defendants were provided with a reciprocal extension of time in connection with the Zohar Complaint; the Zohar Plaintiffs previously stipulated to extend the deadline for the Defendants to respond to the Zohar Complaint pending a resolution of those same motions to transfer those other proceedings; the Transfer Motions are still pending; and the Zohar Plaintiffs previously represented to this Court that "the [Zohar] complaint was filed with the express purpose of preserving statutes of limitations."

3. Forcing the Patriarch Defendants to respond to the Zohar Complaint at this stage would be inequitable, inefficient, unproductive, and a waste of resources—of the parties and the Court. To the extent the Court will grant Patriarch additional time to respond to the Zohar Complaint, as requested in the Patriarch Motion to Extend Time, Patriarch does not object to a further extension of time for the Equitable Subordination Defendants to respond to the Equitable Subordination Complaint, pending resolution of the Transfer Motions.

4. The Plaintiffs hereby incorporate by reference the facts and arguments set forth in the Patriarch Motion to Extend Time, attached hereto as <u>Exhibit A</u>, and asserts that the Equitable

Subordination Defendants are only entitled to a further extension of time to respond to the Equitable Subordination Complaint to the extent that the Court grants the Patriarch Motion to Extend Time.

## RESERVATION OF RIGHTS

5. Neither this Objection nor any appearance in connection with the Motion to Extend Time shall constitute a waiver of (i) the right to have final orders in non-core matters entered only after de novo review by a District Judge, (ii) the right to trial by jury in any proceeding related to, or triable in, these cases or any case, controversy or proceeding related to these cases, (iii) the right to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, (iv) any objection to the jurisdiction of this Court for any purpose other than with respect to the Motion to Extend Time, (v) an election of remedy, or (vi) any other rights, claims, actions, defenses, setoffs or recoupments as appropriate, in law or in equity, under any agreements, all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved.

## CONCLUSION

WHEREFORE, the Plaintiffs respectfully request that this Court (i) either (a) deny the Motion to Extend Time, or (b) grant the Patriarch Motion to Extend Time and the Motion to Extend Time, and (ii) grant such other relief as may be just and proper.

Dated: July 7, 2020
Wilmington, Delaware					**COLE SCHOTZ P.C.**

							By: */s/ Patrick J. Reilley*
							Norman L. Pernick (No. 2290)
							Patrick J. Reilley (No. 4451)
							500 Delaware Avenue, Suite 1410
							Wilmington, DE  19801
							Telephone: (302) 652-3131
							Facsimile: (302) 652-3117
							npernick@coleschotz.com
							preilley@coleschotz.com

4

– and –

**GIBSON, DUNN & CRUTCHER LLP**
Robert Klyman (Admitted Pro Hac Vice)
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
rklyman@gibsondunn.com

Monica K. Loseman (Admitted Pro Hac Vice)
1801 California Street, Suite 4200
Denver, CO 80202-2642
Telephone: (303) 298-5784
Facsimile: (303) 313-2828
mloseman@gibsondunn.com

Randy M. Mastro (Admitted Pro Hac Vice)
Mary Beth Maloney (Admitted Pro Hac Vice)
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
rmastro@gibsondunn.com
mmaloney@gibsondunn.com

*Counsel to Plaintiffs*