## Exhibit A

**Patriarch Motion to Extend Time**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ZOHAR III, CORP., *et al.*,[1] | Case No. 18-10512 (KBO) |
| Debtors. | Jointly Administered |
| | **Hearing Date: July 14, 2020 at 1:00 p.m.**<br>**Obj. Deadline: July 7, 2020 at 4:00 p.m.** |
| ZOHAR CDO 2003-1, LIMITED; ZOHAR II 2005-1, LIMITED; and ZOHAR III, LIMITED, | Adv. Pro. No. 20-50534 (KBO) |
| Plaintiffs, | |
| v. | |
| PATRIARCH PARTNERS, LLC; PATRIARCH PARTNERS VIII, LLC; PATRIARCH PARTNERS XIV, LLC; PATRIARCH PARTNERS XV, LLC; PHOENIX VIII, LLC; OCTALUNA LLC; OCTALUNA II LLC; OCTALUNA III LLC; ARK II CLO 2001-1, LLC; ARK INVESTMENT PARTNERS II, LP; ARK ANGELS VII, LLC; PATRIARCH PARTNERS MANAGEMENT GROUP, LLC; PATRIARCH PARTNERS AGENCY SERVICES, LLC; and LYNN TILTON, | |
| Defendants. | |

## DEFENDANTS' MOTION TO EXTEND TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT

---

[1] The "Debtors," and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited ("Zohar III") (9261), Zohar II 2005-1, Limited ("Zohar II") (8297), and Zohar CDO 2003-1, Limited (together with Zohar II and Zohar III, the "Zohar Funds") (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

57772/0001-20747360v1

Defendants Patriarch Partners, LLC; Patriarch Partners VIII, LLC; Patriarch Partners XIV, LLC; Patriarch Partners XV, LLC; Phoenix VIII, LLC; Octaluna LLC; Octaluna II LLC; Octaluna III LLC; Ark II CLO 2001-1, LLC; Ark Investment Partners II, LP; Ark Angels VII, LLC; Patriarch Partners Management Group, LLC; Patriarch Partners Agency Services, LLC; and Lynn Tilton (collectively, the "<u>Defendants</u>," the "<u>Patriarch Defendants</u>," or "<u>Patriarch</u>"), by and through their counsel, hereby submit this motion (the "<u>Motion</u>"), pursuant to section 105(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 7012 and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rules 7012-2 and 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), for entry of an order, substantially in the form attached hereto as <u>Exhibit 1</u> (the "<u>Proposed Order</u>"), extending the time for the Defendants to answer or otherwise respond to the *Complaint* filed on March 9, 2020 [D.I. 2] (the "<u>Zohar Complaint</u>") by Plaintiffs Zohar CDO 2003-1, Limited; Zohar II 2005-1, Limited; and Zohar III, Limited (collectively, the "<u>Plaintiffs</u>" or the "<u>Zohar Plaintiffs</u>"). In support of the Motion, the Defendants respectfully represent as follows:

## PRELIMINARY STATEMENT

1.      The Defendants are compelled to bring this Motion because the Zohar Plaintiffs have unfortunately, (and inexplicably), taken a position on what should be a routine scheduling issue resolved without Court involvement that is inconsistent with all of their previous actions and with basic notions of efficiency and fairness. The Zohar Plaintiffs have argued vehemently that certain actions pending in the United States District Court for the Southern District of New York should be transferred to this Court because the proceedings are "inextricably intertwined," and for

2

that reason they (joined by MBIA and certain Zohar III Noteholders) moved to transfer those proceedings to this Court.

2.      Although the Patriarch Plaintiffs have previously granted four extensions totaling over six months of additional time to the Equitable Subordination Defendants (including MBIA and certain Zohar III Noteholders), nominally so the various pending complaints can be consolidated for efficient disposition in the event the Transfer Motions are granted, the Zohar Plaintiffs now refuse to extend the same courtesy to the Patriarch Defendants, notwithstanding that the Equitable Subordination Defendants recently filed a motion to extend their time to answer or otherwise respond to the Equitable Subordination Complaint, seeking a further extension of time based on the resolution of the Transfer Motions; the Zohar Plaintiffs previously stipulated to extend the deadline for the Defendants to respond to the Zohar Complaint pending a resolution of those same motions to transfer those other proceedings; the Transfer Motions are still pending; and the Zohar Plaintiffs previously represented to this Court that "the [Zohar] complaint was filed with the express purpose of preserving statutes of limitations."

3.      Forcing the Defendants to respond to the Zohar Complaint at this stage would be inefficient, unproductive, inequitable, and a waste of resources—of the parties and the Court.  To promote judicial economy, the interests of justice, and convenience to the parties and the Court, the Court should extend the time for the Patriarch Defendants to respond to the Complaint pending a resolution of the transfer and remand motions submitted in the S.D.N.Y. proceedings.

**JURISDICTION**

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  Pursuant to Rule 9013-1(f) of the Local

3

Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Defendants consent to the entry of a final order by the Court in connection with this Motion[2] to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory and legal predicates for the relief sought herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rules 7012 and 9006(b), and Local Rules 7012-2 and 9006-2.

## **BACKGROUND**

7. On November 2, 2015, certain Patriarch Stakeholders[3] brought an action in New York State Court against MBIA Inc. and MBIA Insurance Corporation (collectively, "MBIA") alleging fraudulent inducement, fraud, and breach of contract. On October 21, 2019, MBIA removed that action to the United States District Court for the Southern District of New York (the "SDNY District Court"), *Tilton v. MBIA Inc.*, No. 19-cv-09733 (WHP) (the "Removed Action").

8. On January 16, 2017, the Zohar Plaintiffs brought an action in the SDNY District Court against certain Patriarch Stakeholders, *Zohar CDO 2003-1, Ltd. V. Patriarch Partners, LLC*, No. 17-cv-00307 (WHP) (the "2017 Action" and, together with the Removed Action, the "SDNY Actions"). The Patriarch Stakeholders named in the 2017 Action later brought counterclaims against the Zohar Plaintiffs and a third-party complaint against MBIA and certain Zohar III

---

[2] The Defendants do not consent to the jurisdiction of this Court or to entry of a final order for any purpose other than the resolution of this Motion.

[3] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Settlement Agreement [Case No. 18-10512, D.I. 266] (the "Settlement Agreement").

Noteholders. [*See* 2017 Action, D.I. 88.] Although the Zohar Plaintiffs' claims against the Patriarch Stakeholders were dismissed, the counterclaims remained in the case.

9.  On October 1, 2019, Lynn Tilton, Patriarch Partners VIII, LLC, Patriarch Partners XIV, LLC, Patriarch Partners XV, LLC, Octaluna, LLC, Octaluna II, LLC, and Octaluna III, LLC (collectively, the "Patriarch Plaintiffs") commenced Adversary Proceeding No. 19-50390 (KBO) (the "Equitable Subordination Action") by filing a complaint [Adv. Proc. No. 19-50390, D.I. 2] (the "Equitable Subordination Complaint") against MBIA Inc., MBIA Insurance Corporation, U.S. Bank, N.A., Alvarez & Marsal Zohar Management, Credit Value Partners, LP, Bardin Hill Investment Partners f/k/a Halcyon Capital Management LP, Coöperatieve Rabobank U.A., Värde Partners, Inc., Ascension Alpha Fund LLC, Ascension Health Master Pension Trust, CAZ Halcyon Offshore Strategic Opportunities Fund, L.P., CAZ Halcyon Strategic Opportunities Fund, L.P., Brown University, HCN LP, Halcyon Eversource Credit LLC, HLF LP, HLDR Fund I NUS LP, HLDR FUND I TE LP, HLDR FUND I UST LP, Halcyon Vallée Blanche Master Fund LP, Bardin Hill Event-Driven Master Fund LP, Praetor Fund I, a Sub Fund of Praetorium Fund I ICAV, Hirtle Callaghan Total Return Offshore Fund Limited, Hirtle Callaghan Total Return Offshore Fund II Limited, Hirtle Callaghan Trading Partners, L.P., and Third Series of HDML Fund I LLC (collectively, the "Equitable Subordination Defendants").

10.  In November 2019, the Zohar Plaintiffs, MBIA, and certain Zohar III Noteholders moved to transfer the SDNY Actions to this court [*see* 2017 Action, D.I. 152, 155; Removed Action, D.I. 22] (collectively, the "Transfer Motions"), and the Patriarch Stakeholders moved to remand the Removed Action back to state court [*see* Removed Action, D.I. 23] (the "Remand Motion"). The parties argued the Transfer Motions and the Remand Motion in January 2020 and completed supplemental briefing on January 30, 2020.

5

11.     On March 9, 2020, the Zohar Plaintiffs filed the Zohar Complaint against the Patriarch Defendants and commenced this adversary proceeding (the "Zohar Action," and together with the Equitable Subordination Action, the "Adversary Proceedings").  At a hearing on March 26, 2020, counsel for the Zohar Plaintiffs stated unequivocally, "I want to make clear that the [Zohar] complaint was filed with the express purpose of preserving statutes of limitations.  Those discussions were communicated to Ms. Tilton prior to and after the filing of that complaint." March 26, 2020 Hr'g Tr. at 14:1-5.

12.     In the Equitable Subordination Action, the Patriarch Plaintiffs have stipulated to four extensions of time by which the Equitable Subordination Defendants must answer or otherwise respond to the Equitable Subordination Complaint—from December 19, 2019 to February 17, 2020, to March 9, 2020, to April 8, 2020, and to June 30, 2020.  [*See* Equitable Subordination Action, D.I. 13, 18, 21, 22, 24, 25, 30, 31.]

13.     These extensions were precipitated by the Equitable Subordination Defendants and the Zohar Plaintiffs' assertion that the Adversary Proceedings—first, the Equitable Subordination Action, then in conjunction with the Zohar Action—are so intertwined with the SDNY Actions that it would be inefficient to continue litigating the Adversary Proceedings before the SDNY District Court resolves the Transfer Motions and the Remand Motion.  In the fourth of these stipulations dated April 8, 2020 [*see* D.I. 12, 13; Equitable Subordination Action, D.I. 30, 31] (the "April 8 Stipulation"), Patriarch, the Equitable Subordination Defendants, and the Zohar Plaintiffs agreed to (i) extend the response deadline in the Equitable Subordination Action to June 30, 2020 and the response deadline in the Zohar Action to August 15, 2020 (the "Current Answer Deadline"), (ii) hold in abeyance the scheduling conferences in the Adversary Proceedings, and

(ii) meet and confer regarding consolidation of the Adversary Proceedings and the SDNY Actions in the case of a transfer of the SDNY Actions to this Court.

14.    The entire point of the April 8 Stipulation was to promote judicial economy and efficiency and to conserve resources by avoiding a situation in which the parties continued litigating the Adversary Proceedings, only to later have to rewind the process and duplicate discovery in the event the SDNY Actions were consolidated with the Adversary Proceedings. Nothing has changed since the April 8 Stipulation that justifies proceeding with the Zohar Action now, even in the absence of a ruling on the Transfer Motions and Remand Motion in the SDNY Actions.

15.    The response deadlines in the April 8 Stipulation were conscientiously staggered—a June 30, 2020 response deadline for the Equitable Subordination Defendants and August 15, 2020 deadline for the Patriarch Defendants—in recognition of the fact that the Equitable Subordination Action had been initiated some five months before the Zohar Action, and that in fairness the Equitable Subordination Defendants should therefore response to the Equitable Subordination Complaint before the Patriarch Defendants respond to the Zohar Action.

16.    The Equitable Subordination Defendants recently approached Patriarch and the Zohar Plaintiffs seeking a further extension of their response deadline as set out in the April 8 Stipulation, pending a decision in the SDNY Actions.  While Patriarch was willing to extend the relevant dates by equivalent amounts in the two actions pending a decision in the SDNY Actions, the Zohar Plaintiffs arbitrarily refused to discuss a further extension for the Patriarch Defendants to respond to the Zohar Complaint.

17.    On June 23, 2020, the Equitable Subordination Defendants filed a motion to extend time to answer or otherwise respond to the Equitable Subordination Complaint [Equitable

Subordination Action, D.I. 33], seeking a further extension of time to some date as-yet to be determined by the Court based on the resolution of the Transfer Motions. They assert that responding to the Equitable Subordination Complaint before the Transfer Motions are resolved "would be inefficient, unproductive and wasteful of the Court's and the parties' resources." *Id.*, ¶ 1. Proceeding with the Zohar Action while holding the Equitable Subordination Action in abeyance does nothing to cure this inefficiency, and would in fact create the very inefficiencies the Equitable Subordination Defendants purport to be concerned about; rather, to promote efficiency and conserve resources, both Adversary Proceedings should be held in abeyance pending resolution of the Transfer Motions, which resolution is expected in the near future.

## RELIEF REQUESTED

18.     Pursuant to Bankruptcy Rule 7012, "If a complaint is duly served, the defendant shall serve an answer within 30 days after the issuance of the summons, except when a different time is prescribed by the court." Fed. R. Bankr. P. 7012. The parties previously stipulated, with Court approval, to extend the answer deadline from April 8, 2020 to the Current Answer Deadline of August 15, 2020.

19.     By this Motion, the Patriarch Defendants seek an order extending the time by which they must answer or otherwise respond to the Zohar Complaint until after the SDNY District Court resolves the Transfer Motions and the Remand Motion in the SDNY Actions. If one or both of the SDNY Actions are transferred to this Court, the parties to the Adversary Proceedings and the SDNY Actions should have an opportunity to meet and confer regarding the coordination or consolidation of the various pending adversary proceedings, submit proposed scheduling orders, and appear before the Court for a scheduling conference. If neither of the SDNY Actions are transferred to this Court, the Patriarch Defendants request an extension to respond to the Zohar

8

Complaint until the later of (a) 45 days after the SDNY District Court rules on the Transfer

Motions and Remand Motion and (b) October 19, 2020, the date on which the extension would be

equal to the extensions previously granted by the Patriarch Plaintiffs to the Equitable

Subordination Defendants.

20.     Such relief is warranted and in the interest of judicial economy because the

Adversary Proceedings and the SDNY Actions involve the same parties and would likely involve

overlapping discovery.  The requested extension will avoid the unnecessary costs and expenses

associated with filing duplicative pleadings and conducting duplicative discovery in the event that

the SDNY Actions are transferred to this Court and will provide the parties and the Court sufficient

time to coordinate and determine the appropriate course of proceedings in light of the ruling in the

SDNY Actions.

## BASIS FOR RELIEF

21.     The Court "for cause shown may at any time in its discretion . . . with or without

motion or notice" extend unexpired time periods.  Fed. R. Bankr. P. 9006(b)(1).  "Any motion for

extension of time to plead or move in response to a complaint or other pleading in an adversary

proceeding . . . must be filed with the Court prior to the expiration of the deadline to be extended."

Del. Bankr. L.R. 7012-2.  Additionally, the Court "may issue any order, process, or judgment that

is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C.

§ 105(a).

22.     Courts routinely extend time for defendants to answer or respond to a complaint in

the interest of judicial economy and efficiency.  *See, e.g., Block v. Equifax, Inc.*, No. 17-CV-05367-

BLF, 2017 WL 10573832, at *2 (N.D. Cal. Nov. 13, 2017) (granting motion to extend deadline to

respond to complaint pending resolution of transfer motions in related multidistrict litigation to

9

"promote judicial economy and sound judicial administration"); *Krejce v. Merck & Co.*, No. 4:08-CV-295-CAS, 2008 WL 824269, at *1 (E.D. Mo. Mar. 25, 2008) (granting motion to stay proceeding and extend time to respond to the complaint "to conserve judicial resources and to prevent duplicative litigation and inconsistent pretrial orders pending transfer"); *Burch v. Dent (In re Circle Y of Yoakum, Texas)*, 354 B.R. 349, 363 (Bankr. D. Del. 2006) (granting request to extend answer deadline pursuant to Bankruptcy Rule 9006(b) after consolidating adversary proceedings).

23.     Local Rule 9006-2 provides that "if a motion to extend the time to take any action is filed before the expiration of the period prescribed . . . , the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order." Del. Bankr. L.R. 9006-2.  Accordingly, because the Defendants have brought this Motion prior to the expiration of the Current Answer Deadline, the time for the Defendants to answer or otherwise respond to the Complaint will be extended until the Court rules on this Motion.

24.     It has been the Zohar Plaintiffs' position since at least November 2019 that the SDNY Actions are so intertwined with these chapter 11 cases that they must be litigated in this Court.  In fact, this notion forms the entire basis for the Transfer Motions brought by the Zohar Plaintiffs, MBIA, and certain Zohar III Noteholders in the SDNY Actions.  *See, e.g., Zohar Funds' Memorandum of Law in Support of Motion to Transfer Venue*, 2017 Action, D.I. 152 at 10-11 ("First, the Action is inextricably tied to the Chapter 11 Cases and is a 'core' matter that should be overseen by the Delaware Bankruptcy Court.  Second, transfer to Delaware would promote judicial economy and further the interests of justice.  Third, transfer of the Action would be convenient for all of the parties because it would give them a single court to oversee their various disputes."); *MBIA's Memorandum of Law in Support of Their Motion to Transfer Action to the District of*

*Delaware Pursuant to 28 U.S.C. § 1412*, Removed Action, D.I. 22 at 22 (The SDNY Actions are "inextricably intertwined with the Zohar Bankruptcy Cases and the [Equitable Subordination Action], requiring adjudication by the one court with the ability to adjudicate these related claims efficiently and in furtherance of the interests of justice.").

25.     Although Patriarch does not agree with the Zohar Plaintiffs' views expressed in the Transfer Motions, the April 8 Stipulation executed by the parties to the Adversary Proceedings acknowledges the need to consider the resolution of the Transfer Motions before proceeding with the Adversary Proceedings in this Court by tying the schedules together.  [*See* D.I. 13-1 at 4, ¶ 1.] Under the April 8 Stipulation, the parties are to meet and confer upon a ruling by the SDNY District Court on the Transfer Motions.  Nothing has changed since that stipulation was executed that could justify the Zohar Plaintiffs' change in position.

26.     Moreover, by the Zohar Plaintiffs' own admission, there is no urgency to the Zohar Action that could favor a potentially wasteful dual-track litigation of the Adversary Proceedings and the SDNY Actions.  At a hearing on March 26, 2020, counsel for the Zohar Plaintiffs stated unequivocally, "I want to make clear that the [Zohar] complaint was filed with the express purpose of preserving statutes of limitations."  March 26, 2020 Hr'g Tr. at 14:1-5.  If the Zohar Complaint was filed to preserve applicable limitations periods, it makes absolutely no sense that the Zohar Plaintiffs now insist on proceeding with the Zohar Action and risk wasting the time and resources of the parties and the Court.

27.     The Patriarch Plaintiffs have at all times been cooperative with the Equitable Subordination Defendants and have given them four extensions of time to respond, as discussed above, for a total of 194 days of extra time.  The Patriarch Defendants submit that they are entitled to the same amount of extra time to respond to the Zohar Complaint in the interest of fairness.

11

Accordingly, the Patriarch Defendants should be given until at least October 19, 2020 to respond to the Zohar Complaint.

28.     The Defendants respectfully submit that it would be inefficient and unnecessarily costly and time-consuming for the parties—and the Court—to allow the Zohar Action to go forward before the SDNY District Court rules on the Transfer Motions and Remand Motion. Judicial economy and the best interests of the parties and the Court will be better served with the requested extension of time that will allow for the coordination or consolidation of potentially similar matters in this Court, thereby avoiding the unnecessary costs, expense, and risk of inconsistent rulings associated with litigating in multiple courts.

29.     The Zohar Plaintiffs will not be prejudiced by the relief sought in this motion.  On the contrary, the Zohar Plaintiffs (and the Equitable Subordination Defendants) would benefit in much the same way as the Patriarch Defendants by avoiding the costs and burdens associated with duplicative litigation and discovery while the SDNY District Court's transfer decisions remain pending.

30.     Accordingly, for the reasons set forth herein, the Defendants seek an extension of their deadline to answer or otherwise respond to the Complaint as set forth in the Proposed Order.

### RESERVATION OF RIGHTS

31.     The relief sought in this Motion is needed for the reasons set forth herein, but such request for relief should not be construed as all-inclusive.  For the avoidance of doubt, the Defendants do not by this Motion waive, forfeit, or otherwise release any rights, claims, or causes of action against the Debtors or other parties arising from their relationships with the Portfolio Companies or any matter related to these cases.  Any and all such rights, claims, and causes of action are expressly reserved.

32. Neither this Motion nor any appearance in connection with this Motion shall constitute a waiver of (i) the right to have final orders in non-core matters entered only after de novo review by a District Judge, (ii) the right to trial by jury in any proceeding related to, or triable in, these cases or any case, controversy or proceeding related to these cases, (iii) the right to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, (iv) any objection to the jurisdiction of this Court for any purpose other than with respect to this Motion, (v) an election of remedy, or (vi) any other rights, claims, actions, defenses, setoffs or recoupments as appropriate, in law or in equity, under any agreements, all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved.

## NOTICE

33. Notice of this Motion has been provided to: (i) the U.S. Trustee; (ii) counsel to the Plaintiffs and Debtors; (iii) counsel to the Equitable Subordination Defendants; and (iv) all parties that have filed a notice of appearance in these chapter 11 cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Defendants submit that no other or further notice is necessary.

## CONCLUSION

34. WHEREFORE, the Defendants respectfully request that this Court (i) enter the Proposed Order extending time to answer or otherwise respond to the Complaint and (ii) grant such other relief as may be just and proper.

1me

Dated: June 30, 2020

**COLE SCHOTZ P.C.**

By: */s/ Patrick J. Reilley*
Norman L. Pernick (No. 2290)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
npernick@coleschotz.com
preilley@coleschotz.com

– and –

**GIBSON, DUNN & CRUTCHER LLP**
Robert Klyman (Admitted Pro Hac Vice)
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
rklyman@gibsondunn.com

Monica K. Loseman (Admitted Pro Hac Vice)
1801 California Street, Suite 4200
Denver, CO 80202-2642
Telephone: (303) 298-5784
Facsimile: (303) 313-2828
mloseman@gibsondunn.com

Randy M. Mastro (Admitted Pro Hac Vice)
Mary Beth Maloney (Admitted Pro Hac Vice)
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
rmastro@gibsondunn.com
mmaloney@gibsondunn.com

*Counsel to Lynn Tilton; Patriarch Partners, LLC;*
*Patriarch Partners VIII, LLC; Patriarch Partners*
*XIV, LLC; Patriarch Partners XV, LLC; Phoenix*
*VIII, LLC; Octaluna, LLC; Octaluna II, LLC;*
*Octaluna III, LLC; Ark II CLO 2001-1, LLC; Ark*
*Investment Partners II, LP; Ark Angels VII, LLC;*
*Patriarch Partners Management Group, LLC; and*
*Patriarch Partners Agency Services, LLC*

14

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ZOHAR III, CORP., *et al.*,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 18-10512 (KBO)<br><br>Jointly Administered<br><br>**Hearing Date: July 14, 2020 at 1:00 p.m.**<br>**Obj. Deadline: July 7, 2020 at 4:00 p.m.** |
| ZOHAR CDO 2003-1, LIMITED; ZOHAR II 2005-1, LIMITED; and ZOHAR III, LIMITED,<br><br>        Plaintiffs,<br><br>        v.<br><br>PATRIARCH PARTNERS, LLC; PATRIARCH PARTNERS VIII, LLC; PATRIARCH PARTNERS XIV, LLC; PATRIARCH PARTNERS XV, LLC; PHOENIX VIII, LLC; OCTALUNA LLC; OCTALUNA II LLC; OCTALUNA III LLC; ARK II CLO 2001-1, LLC; ARK INVESTMENT PARTNERS II, LP; ARK ANGELS VII, LLC; PATRIARCH PARTNERS MANAGEMENT GROUP, LLC; PATRIARCH PARTNERS AGENCY SERVICES, LLC; and LYNN TILTON,<br><br>        Defendants. | Adv. Pro. No. 20-50534 (KBO) |

## NOTICE OF MOTION

---

[1] The "Debtors," and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited ("Zohar III") (9261), Zohar II 2005-1, Limited ("Zohar II") (8297), and Zohar CDO 2003-1, Limited (together with Zohar II and Zohar III, the "Zohar Funds") (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

PLEASE TAKE NOTICE that, on June 30, 2020, the Defendants in the above-entitled action filed the ***Defendants' Motion to Extend Time to Answer or Otherwise Respond to the Complaint*** (the "Motion") with the Court.

PLEASE TAKE FURTHER NOTICE that an objection, if any, to the Motion must be in writing, filed with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, and served upon the undersigned counsel for the Defendants, so that it is received **on or before 4:00 p.m. (ET) on July 7, 2020**.

PLEASE TAKE FURTHER NOTICE THAT, A HEARING ON THE MOTION WILL BE HELD ON **JULY 14, 2020 AT 1:00 P.M. (PREVAILING EASTERN TIME**) BEFORE THE HONORABLE KAREN B. OWENS, UNITED STATES BANKRUPTCY JUDGE OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 6TH FLOOR, COURTROOM NO. 1, 824 NORTH MARKET STREET, WILMINGTON, DELAWARE 19801.

PLEASE TAKE FURTHER NOTICE that, if you fail to respond in accordance with this notice, the Court may grant the relief requested by the Motion without further notice or hearing.

Dated: June 30, 2020

**COLE SCHOTZ P.C.**

By: */s/ Patrick J. Reilley*
Norman L. Pernick (No. 2290)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
npernick@coleschotz.com
preilley@coleschotz.com

– and –

**GIBSON, DUNN & CRUTCHER LLP**
Robert Klyman (Admitted Pro Hac Vice)
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
rklyman@gibsondunn.com

2

Monica K. Loseman (Admitted Pro Hac Vice)
1801 California Street, Suite 4200
Denver, CO 80202-2642
Telephone: (303) 298-5784
Facsimile: (303) 313-2828
mloseman@gibsondunn.com

Randy M. Mastro (Admitted Pro Hac Vice)
Mary Beth Maloney (Admitted Pro Hac Vice)
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
rmastro@gibsondunn.com
mmaloney@gibsondunn.com

*Counsel to Lynn Tilton; Patriarch Partners, LLC; Patriarch Partners VIII, LLC; Patriarch Partners XIV, LLC; Patriarch Partners XV, LLC; Phoenix VIII, LLC; Octaluna, LLC; Octaluna II, LLC; Octaluna III, LLC; Ark II CLO 2001-1, LLC; Ark Investment Partners II, LP; Ark Angels VII, LLC; Patriarch Partners Management Group, LLC; and Patriarch Partners Agency Services, LLC*

57772/0001-20747360v1

**Exhibit 1**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ZOHAR III, CORP., *et al.*,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 18-10512 (KBO)<br><br>Jointly Administered |
| ZOHAR CDO 2003-1, LIMITED; ZOHAR II 2005-1, LIMITED; and ZOHAR III, LIMITED,<br><br>        Plaintiffs,<br><br>        v.<br><br>PATRIARCH PARTNERS, LLC; PATRIARCH PARTNERS VIII, LLC; PATRIARCH PARTNERS XIV, LLC; PATRIARCH PARTNERS XV, LLC; PHOENIX VIII, LLC; OCTALUNA LLC; OCTALUNA II LLC; OCTALUNA III LLC; ARK II CLO 2001-1, LLC; ARK INVESTMENT PARTNERS II, LP; ARK ANGELS VII, LLC; PATRIARCH PARTNERS MANAGEMENT GROUP, LLC; PATRIARCH PARTNERS AGENCY SERVICES, LLC; and LYNN TILTON,<br><br>        Defendants. | Adv. Pro. No. 20-50534 (KBO) |

## ORDER GRANTING DEFENDANTS' MOTION TO EXTEND TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT

---

[1] The "Debtors," and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited ("Zohar III") (9261), Zohar II 2005-1, Limited ("Zohar II") (8297), and Zohar CDO 2003-1, Limited (together with Zohar II and Zohar III, the "Zohar Funds") (5119).  The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

Upon consideration of the *Defendants' Motion to Extend Time to Answer or Otherwise Respond to the Complaint* [D.I. __] (the "Motion")[2] pursuant to section 105(a) of title 11 of the United States Code, Rules 7012 and 9006(b) of the Federal Rules of Bankruptcy Procedure, and Rules 7012-2 and 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware; and the Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as provided herein.

2.      The Patriarch Defendants' deadline to answer or otherwise respond to the Zohar Complaint is extended as set forth herein, but in no event shall the Patriarch Defendants be required to respond to the Zohar Complaint before October 19, 2020.

3.      If the SDNY District Court enters an order granting the Transfer Motions, then:

a.      The Zohar Plaintiffs, the Patriarch Defendants, and the Equitable Subordination Defendants shall, within 14 days from the date of entry of such an order:

(i)      meet and confer concerning the coordination or consolidation of pleadings, discovery, and proceedings in the Adversary Proceedings and the SDNY Actions; and

(ii)      submit under certification of counsel a proposed schedule, either by joint stipulation or separately, of case deadlines for pleadings, amended pleadings,

---

[2]  Capitalized terms not otherwise defined herein shall have the meanings afforded to them in the Motion.

57772/0001-20747360v1

responsive motions or pleadings, and discovery in the Adversary Proceedings and the SDNY Actions.

  b. Unless otherwise ordered by the Court, within 7 days of the date of the parties' submissions referenced in Paragraph 3(a)(ii) above, the Zohar Plaintiffs, the Patriarch Defendants, and the Equitable Subordination Defendants shall appear before the Court (either in person or telephonically) for a scheduling conference contemplated by Rule 16 of the Federal Rules of Civil Procedure and Rule 7016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

  4. If the SDNY District Court denies the Transfer Motions and the SDNY Actions are not transferred to this Court, the Patriarch Defendants shall have through and including the later of (a) 45 days after the SDNY District Court enters an order on the Transfer Motions and Remand Motion and (b) October 19, 2020 to file an answer or otherwise respond to the Complaint.

  5. This Order is without prejudice to the rights of the Defendants to seek further extensions of the time to answer or otherwise respond to the Complaint.

  6. This Court shall retain jurisdiction with respect to all matters related to the implementation of this Order.