**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7480**

WRITER'S EMAIL ADDRESS
**deborahnewman@quinnemanuel.com**

<u>BY ECF</u>

October 20, 2021

Hon. Karen B. Owens
U.S. Bankruptcy Court
District of Delaware
824 North Market Street, 6th Floor
Wilmington, DE 19801

Re:   *Tilton v. MBIA Inc.*, Adv. Proc. No. 19-ap-50390 (KBO)

Dear Judge Owens:

   We write as counsel to Defendant Alvarez & Marsal Zohar Management, LLC ("<u>AMZM</u>") pursuant to Rule 7007-1(b) of the Local Rules for the U.S. Bankruptcy Court for the District of Delaware to supplement the MBIA Defendants' letter filed earlier today calling to the Court's attention the Opinion and Order of the U.S. District Court for the Southern District of New York, dated September 29, 2021 in the matter of *Zohar CDO 2003-1 Ltd. v. Patriarch Partners, LLC*, 2021 WL 4460547 (S.D.N.Y. Sept. 29, 2021), *amended by* 2021 WL 4710787 (Oct. 7, 2021) (the "<u>SDNY Decision</u>").

   The SDNY Decision dismisses with prejudice claims against AMZM for breach of contract, breach of fiduciary duty, aiding and abetting breach of fiduciary, and breach of the implied covenant of good faith and fair dealing. In arriving at this ruling, the SDNY Decision rejected as *implausible* Patriarch's allegation that AMZM engaged in sham litigation against Plaintiffs:

> Here, the Patriarch Parties have not plausibly alleged that the litigations brought on behalf of the Zohar Funds are "sham" litigations. First, the AMZM and the Zohar Funds were successful in both the books and records suit and the Delaware 225 action. *See Zohar CDO 2003-1, LLC v. Patriarch Partners, LLC*, 2016 WL 6248461 (Del. Ch. Oct. 26, 2016), *aff'd* 165 A.3d 2088 (Del. 2017) (books and records) and *Zohar II 2005-1, Ltd.*, 2017 WL 5956877, at *39 (Section 225 action). A party successfully vindicating its rights can hardly be considered frivolous or a "sham." Finally, the Patriarch Parties allege that the instant [RICO] litigation is a "sham." But even though the underlying claims were dismissed, this Court specifically noted that "though this Court has concluded that some of those predicate acts run afoul of the RICO Amendment, such a determination does not

**quinn emanuel urquhart & sullivan, llp**

ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

> render the claim immaterial, insubstantial, or frivolous." *Zohar CDO 2003-1, Ltd.*, 286 F. Supp. 3d at 652 n.9. Indeed, most of the claims in the instant litigation were dismissed due to lack of subject matter jurisdiction, not on the merits. While the Patriarch Parties repeatedly label these as "sham" litigations, "[a] pleading that offers mere labels and conclusions … will not do.'' *Iqbal*, 556 U.S. at 677 (quotation marks omitted).

*Id.*, 2021 WL 4460547, at *18. This finding, which applies equally to this proceeding, is fatal to Plaintiffs' equitable-subordination claims against AMZM. *See generally* Pls.' Opp'n 21-26 (D.I. 103) (arguing that "[b]ecause AMZM's litigation crusade falls within th[e] 'sham exception,' dismissal on *Noerr-Pennington* grounds is completely unwarranted").*

The SDNY Decision thus provides further support for the dismissal with prejudice of Plaintiffs' equitable-subordination claims against AMZM. We look forward to addressing these and other issues before Your Honor at the October 27, 2021 hearing.

Respectfully Submitted,

*[signature]*

Deborah Newman

cc: Counsel of Record (via ECF)

---

* The SDNY Decision also rejects Plaintiffs' assertion that AMZM breached its obligations under the Zohar Funds' governing agreements by not producing monthly reports, because that duty was not AMZM's in the first place. *See* 2021 WL 4460547, at *16 ("[A]s the Collateral Administrator—U.S. Bank—was required to prepare and arrange for delivery of the reports, and the Zohar Funds were required to deliver such reports, AMZM cannot be held liable for not preparing or delivering them."). Although Plaintiffs appear to have abandoned this allegation as an independent basis for equitable subordination, *see* Pls.' Opp'n (D.I. 103) ¶ 20, it remains significant that, in an effort to manufacture a plausible claim where none exists, Plaintiffs stretch so far as to invent nonexistent contractual obligations purportedly owed by AMZM.