# ALSTON & BIRD

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

**Alexander S. Lorenzo**  Direct Dial: **212-210-9528**  Email: **alexander.lorenzo@alston.com**

November 19, 2021

**VIA ECF**

Hon. Karen B. Owens
United States Bankruptcy Court
District of Delaware
824 North Market Street, 6th Floor
Wilmington, DE 19801

      Re:    *Tilton, et al. v. MBIA Inc., et al.*, Adv. Proc. No. 19-ap-50390 (KBO)

Dear Judge Owens:

    This firm represents U.S. Bank National Association, solely in its capacity as trustee (the "**Trustee**"), in the above-referenced adversary proceeding. We write to briefly respond to Plaintiffs' motion to amend their Complaint (D.I. 138) and to request that the Court proceed to address the Trustee's fully-briefed motion to dismiss the Complaint (D.I. 64).

    The outcome of Plaintiffs' motion to amend will not impact the Trustee's motion to dismiss because none of the new allegations in the Proposed Amended Complaint are directed to or concern the Trustee. Plaintiffs' motion concedes this point, explaining that the new allegations in the Proposed Amended Complaint concern "MBIA and the Zohar III Controlling Class's [] conduct during the 15 Month Window and Monetization Process." (D.I. 138 ¶ 14). Indeed, the Proposed Amended Complaint adds no allegations whatsoever concerning the Zohar I Auction that Plaintiffs assert gives rise to their claim against the Trustee.

    Thus, the motion only bolsters the Trustee's argument that the Complaint should be dismissed with prejudice. (D.I. 65 ¶ 3). Plaintiffs had the benefit of both the Trustee's motion to dismiss and Judge Castel's recent motion to dismiss decision in the SDNY Litigation,[1] and did not attempt to cure their allegations as against the Trustee. *See Howard v. Coupe*, Civil Action No. 17-1548-RGA, 2019 U.S. Dist. LEXIS 114300, at *18–19 (D.

---

[1] The SDNY Litigation is captioned *Zohar CDO 2003-1 Ltd., et al. v. Patriarch Partners, LLC, et al.*, Case No. 17 Civ. 00307 (PKC).

Alston & Bird LLP                                                                                                                   www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

November 19, 2021
Page 2

Del. July 10, 2019) (denying plaintiff leave to amend its complaint when the proposed amended complaint did not cure all of the defects in the original complaint).

    That Plaintiffs could find nothing more to say concerning the Trustee in their Proposed Amended Complaint is not surprising. As the Trustee noted in its supplemental authority letter to the Court dated October 21, 2021 (D.I. 129), the defects in the Zohar I Auction-related allegations that form the basis of Plaintiffs' claim against the Trustee cannot be cured. In his motion to dismiss decision in the SDNY Litigation, Judge Castel found that the Zohar I Auction was conducted pursuant to a "judicial proceeding" under the oversight of the Honorable Jed S. Rakoff, and that such proceeding and resulting court order "foreclose [the] Patriarch Parties' attack on the commercial reasonableness of the auction . . . ." Judge Castel then proceeded to address and dismiss as meritless all of the Patriarch Parties' allegations related to the Zohar I Auction. Because the same allegation of "commercial unreasonableness" and substantively identical auction-related allegations against the Trustee underlie Plaintiffs' claim here, the reasoning and grounds for dismissal set forth in Judge Castel's decision eviscerate the sole basis of inequitable conduct alleged against the Trustee.

    For these reasons and the additional reasons set forth in the Trustee's motion, the Trustee respectfully submits that the Court should dismiss Plaintiffs' Complaint with prejudice.

    The Trustee is available at Your Honor's convenience should the Court require any additional information.

Respectfully submitted,

Alexander S. Lorenzo

cc:    Counsel of Record (via ECF)