## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Zohar III, Corp., *et al.*,[1] | ) | Case No. 18-10512 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| _____ | ) | |
| | ) | |
| LYNN TILTON; PATRIARCH | ) | |
| PARTNERS VIII, LLC; PATRIARCH | ) | |
| PARTNERS XIV, LLC; PATRIARCH | ) | |
| PARTNERS XV, LLC; OCTALUNA, LLC; | ) | |
| OCTALUNA II, LLC; AND OCTALUNA | ) | |
| III, LLC, | ) | Adv. Proc. No. 19-50390 (KBO) |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MBIA INC., MBIA INSURANCE | ) | |
| CORPORATION, U.S. BANK, N.A., | ) | |
| ALVAREZ & MARSAL ZOHAR | ) | |
| MANAGEMENT, CREDIT VALUE | ) | |
| PARTNERS, LP, BARDIN HILL | ) | |
| INVESTMENT PARTNERS F/K/A | ) | |
| HALCYON CAPITAL MANAGEMENT | ) | |
| LP, COÖPERATIEVE RABOBANK U.A., | ) | |
| VÄRDE PARTNERS, INC., ASCENSION | ) | |
| ALPHA FUND LLC, ASCENSION | ) | |
| HEALTH MASTER PENSION TRUST, | ) | |
| CAZ HALCYON OFFSHORE | ) | |
| STRATEGIC OPPORTUNITIES FUND, | ) | |
| L.P., CAZ HALCYON STRATEGIC | ) | |
| OPPORTUNITIES FUND, L.P., BROWN | ) | |
| UNIVERSITY, HCN LP, HALCYON | ) | |
| EVERSOURCE CREDIT LLC, HLF LP, | ) | |
| HLDR FUND I NUS LP, HLDR FUND I | ) | |
| TE LP, HLDR FUND I UST LP, | ) | |
| HALCYON VALLÉE BLANCHE | ) | |

---

[1] The Debtors, and, where applicable, the last four digits of their respective taxpayer identification numbers are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

MASTER FUND LP, BARDIN HILL )
EVENT DRIVEN MASTER FUND LP, )
PRAETOR FUND I, A SUB FUND OF )
PRAETORIUM FUND I ICAV; HIRTLE )
CALLAGHAN TOTAL RETURN )
OFFSHORE FUND LIMITED; HIRTLE )
CALLAGHAN TOTAL RETURN )
OFFSHORE FUND II LIMITED; HIRTLE )
CALLAGHAN TRADING PARTNERS, )
L.P.; AND THIRD SERIES OF HDML )
FUND I LLC., )
                                          )
                  Defendants.             )
                                          )
_____ )

## MEMORANDUM ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT

Upon consideration of the *Plaintiffs' Motion to Amend Complaint* [Adv. D.I. 138] (the "Motion to Amend") and all briefing and submissions filed in support of and in opposition to the Motion to Amend; it is hereby **FOUND** and **DETERMINED** that:

A.     The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b).  Venue is proper pursuant to 28 U.S.C. § 1409(a).

B.     On October 1, 2019, Plaintiffs[2] commenced this action by filing a one count Complaint[3] against Defendants MBIA, Inc., MBIA Insurance Corporation ("MBIA Insurance," and together with MBIA, Inc., "MBIA"), U.S. Bank, N.A. ("US Bank"), Alvarez & Marsal Zohar Management ("AMZM"), and the Zohar III Controlling Class[4] to equitably subordinate their claims against the above-captioned debtors (the "Debtors") pursuant to 11 U.S.C. § 510(c).  Each Defendant moved to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").[5]  Briefing on the motions was completed on March 9, 2021.[6]  Oral argument was scheduled for October 27, 2021 and subsequently cancelled after Plaintiffs notified the Court a day prior that they intended to seek leave to amend the Complaint.  A little over a week later, the Plaintiffs filed the Motion to Amend

---

[2] Undefined capitalized terms shall have the meanings ascribed to them in the Motion to Amend.

[3] Adv. D.I. 2.

[4] The Zohar III Controlling Class refers to all Defendants except for MBIA, US Bank, and AMZM.

[5] Adv. D.I. 64, 66, 67, 81.

[6] Adv. D.I. 65, 68, 69, 70, 71, 82, 103, 107, 109, 110, 111.

pursuant to Federal Rule 15(a) and Bankruptcy Rule 7015.  The Zohar III Controlling Class and MBIA oppose the Motion to Amend.[7]

C.      Federal Rule 15 "embodies a liberal approach to pleading." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006) (citing *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004), *cert. denied*, 544 U.S. 1018 (2005)).  "Subsection (a) allows a party to amend a complaint upon leave of court and states that leave 'shall be freely given when justice so requires.'"  *Id.* at 202 (quoting FED. R. CIV. P. 15(a)).  "This standard encompasses a broad range of equitable factors" that include undue delay, bad faith, and prejudice to the defendant.  *Id.* at 203; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'").  "Only when these factors suggest that amendment would be 'unjust' should the court deny leave."  *Arthur*, 434 F.3d at 203.  In analyzing whether leave should be denied as unjust, "prejudice to the non-moving party is the touchstone[.]"  *Id.* at 204 (quoting *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)).

D.      The Court finds that the Plaintiffs' request to amend would not be unjust.  It came in the early stage of this proceeding.  Although pending for just over 2 years, the proceeding stood still for 1 year because of party-agreement and the Defendants' request to stay it until the resolution of related matters outside this Court.  No responsive pleadings have been filed, and discovery has not begun.  Motions to dismiss are pending but the Court has not yet heard argument on them due to the Plaintiffs' candor in disclosing their intent to seek leave to amend.

E.      Furthermore, the proposed amendments are narrowly tailored, substantially designed to provide additional detail to allegations of the Complaint concerning postpetition conduct of MBIA and the Zohar III Controlling Class during a time period in which mediation took place.  The Plaintiffs have represented to the Court that they seek to augment the Complaint with these details – that, admittedly, have been known to them for quite some time – in light of the Court's recent rulings on the scope of mediation confidentiality and the procedure for disclosure.  The Court finds this justification reasonable and that the Plaintiffs acted timely in seeking leave to amend.  Additionally, the Court cannot find any meaningful prejudice to the Defendants.  As noted, the proceeding is in its nascent stage.  The Court does not ignore the additional cost and time that will be incurred in responding to the Amended Complaint but the drafting and submission of renewed motions to dismiss should not be overly cumbersome or cause substantial delay to the proceedings given the limited scope of the amendments.

---

[7] Adv. D.I. 142, 143.  US Bank and AMZM are unaffected by the Plaintiffs' proposed amendments.  Both parties submitted letters taking no position on the Motion to Amend but requesting that the Court move forward on their pending motions to dismiss.  Adv. D.I. 140, 141.  The Court is willing to do so following the filing of the Amended Complaint if the parties agree to re-file the motions and briefing or to deem it applicable to the Amended Complaint.

F.      Finally, MBIA and the Zohar III Controlling Class argue that the proposed amendments will be futile and refer the Court to their arguments set forth in their pending motions to dismiss.    The Plaintiffs' proposed amendments significantly supplement some of the Complaint's allegations.  The pending motions to dismiss present numerous complex issues.  And oral argument has not yet occurred.  In light of these factors, the Court will refrain from deciding the merits of any pending motions to dismiss, preferring to wait until after the filing of the Amended Complaint, completed briefing on any renewed dismissal requests that address the amendments, and argument thereon.    *See, e.g.*, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (explaining that every court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Curtiembre Becas, S.A. v. Arpel Leather Corp.*, No. 1:05-CV-622, 2006 WL 8446029, at *3 (M.D.N.C. June 12, 2006) ("[I]n the context of futility arguments, it is often a better exercise of the court's discretion and a conservation of judicial resources to leave decisions on the merits with respect to motions to amend until the matter has been fully briefed in a motion to dismiss.  Thus, in ruling on a motion to amend, a court should only delve into the merits when it is absolutely clear that the amendment is frivolous.").

Accordingly, based upon the foregoing, there is nothing in the record that warrants denial of the Plaintiffs' Motion to Amend, and it is therefore **ORDERED** that:

1.      The Motion to Amend is GRANTED as provided herein.

2.      The Plaintiffs are authorized to file their Amended Complaint in the form attached to the Motion to Amend as <u>Exhibit B</u>.

3.      The Amended Complaint shall be filed within 7 business days after the entry of this Order.  Within 14 days thereafter, the parties shall meet and confer regarding a briefing schedule governing any renewed motions to dismiss intended to be filed by the Defendants and file an order memorializing the agreed upon schedule under Certification of Counsel.

4.      If the Plaintiffs, US Bank, and AMZM agree that, in lieu of filing new motions to dismiss the Amended Complaint, the Court may consider the fully briefed, pending motions to dismiss filed by US Bank and AMZM (Adv. D.I. 64 & 81), the parties need not re-file the documents.  The parties may indicate such decision in any proposed scheduling order and request the scheduling of oral argument on such motions any time after such order is filed.

Dated:  December 16, 2021

_____
THE HONORABLE KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE