# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| Zohar III, Corp., *et al.*,[1] | : | Case No. 18-10512 (KBO) |
| Debtors. | : | Jointly Administered |
| LYNN TILTON; PATRIARCH PARTNERS VIII, LLC; PATRIARCH PARTNERS XIV, LLC; PATRIARCH PARTNERS XV, LLC OCTALUNA, LLC; OCTALUNA II, LLC; AND OCTALUNA III, LLC, | : | |
| Plaintiffs, | : | |
| v. | : | |
| MBIA INC., MBIA INSURANCE CORPORATION, U.S. BANK, N.A., ALVAREZ & MARSAL ZOHAR MANAGEMENT, CREDIT VALUE PARTNERS, LP; BARDIN HILL INVESTMENT PARTNERS LP F/K/A HALCYON CAPITAL MANAGEMENT LP, COÖPERATIEVE RABOBANK U.A., VÄRDE PARTNERS, INC., ASCENSION ALPHA FUND LLC, ASCENSION HEALTH MASTER PENSION TRUST, CAZ HALCYON OFFSHORE STRATEGIC OPPORTUNITIES FUND, L.P., CAZ HALCYON STRATEGIC OPPORTUNITIES FUND, L.P., BROWN UNIVERSITY, HCN LP, HALCYON EVERSOURCE CREDIT LLC, HLF LP, HLDR FUND I NUS LP, HLDR FUND I TE LP, HLDR FUND I UST LP, HALCYON VALLÉE BLANCHE | : | Adversary No. 19-50390 (KBO) |

---

[1] The Zohar Debtors, and, where applicable, the last four digits of each of their respective taxpayer identification numbers, are as follows:  Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119).  The Zohar Debtors' address is 3 Times Square, c/o FTI Consulting Inc., New York, New York 10036.

| | |
|---|---|
| MASTER FUND LP, BARDIN HILL EVENT- : | |
| DRIVEN MASTER FUND, L.P., PRAETOR : | |
| FUND I, A SUB FUND OF PRAETORIUM : | |
| FUND I ICAV; HIRTLE CALLAGHAN : | |
| TOTAL RETURN OFFSHORE FUND : | |
| LIMITED; HIRTLE CALLAGHAN TOTAL : | |
| RETURN OFFSHORE FUND II LIMITED; : | |
| HIRTLE CALLGHAN TRADING : | |
| PARTNERS, L.P.; AND THIRD SERIES OF : | |
| HDML FUND I LLC, : | |
| : | **Docket Ref. No. 224 and 244** |
| Defendants. : | |
| : | |

### ORDER GRANTING THE MOTION TO FILE UNDER SEAL REPLY MEMORANUDM OF LAW OF THE ZOHAR III CONTROLLING CLASS IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT

Upon consideration of the motion (the "Seal Motion")[2] of the holders (the "Zohar III Controlling Class") of the majority of A-1 notes issued by Debtor Zohar III, Corp. ("Zohar III"), for an order pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the filing under seal the *Reply Memorandum of Law of Zohar III Controlling Class in Further Support of their Motion to Dismiss the Amended Complaint* [Docket No. 224] (the "Reply Memorandum of Law"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that consideration of the Seal Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Seal Motion.

found that notice of the Seal Motion was appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED, DECREED AND ADJUDGED THAT:

1. The Seal Motion is hereby granted.

2. Pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1, the Zohar III Controlling Class is authorized to file the Reply Memorandum of Law under seal.

3. The redacted portions of the Reply Memorandum of Law shall remain confidential, redacted, protected under seal, and not made publicly available to any person or entity other the Court, the United States Trustee, the Debtors, the Plaintiffs, and the Defendants, unless otherwise ordered by the Court.

4. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this order.

5. This Court shall retain jurisdiction with respect to any and all matters arising from or related to the interpretation or implementation of this order.

Dated: March 31st, 2022  
Wilmington, Delaware

**KAREN B. OWENS**  
**UNITED STATES BANKRUPTCY JUDGE**