# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Zohar III, Corp., *et al.*,[1] | Bankruptcy Case No. 18-10512 (KBO) |
| Debtors. | Jointly Administered |
| | |
| LYNN TILTON; PATRIARCH PARTNERS VIII, LLC; PATRIARCH PARTNERS XIV, LLC; PATRIARCH PARTNERS XV, LLC; OCTALUNA, LLC; OCTALUNA II, LLC; AND OCTALUNA III, LLC, | |
| Plaintiffs, | |
| v. | |
| MBIA INC., MBIA INSURANCE CORPORATION, U.S. BANK, N.A., ALVAREZ & MARSAL ZOHAR MANAGEMENT, CREDIT VALUE PARTNERS, LP, BARDIN HILL INVESTMENT PARTNERS F/K/A HALCYON CAPITAL MANAGEMENT LP, COÖPERATIEVE RABOBANK U.A., VÄRDE PARTNERS, INC., ASCENSION ALPHA FUND LLC, ASCENSION HEALTH MASTER PENSION TRUST, CAZ HALCYON OFFSHORE STRATEGIC OPPORTUNITIES FUND, L.P., CAZ HALCYON STRATEGIC OPPORTUNITIES FUND, L.P., BROWN UNIVERSITY, HCN LP, HALCYON EVERSOURCE CREDIT LLC, HLF LP, HLDR FUND I NUS LP, HLDR FUND I TE LP, HLDR FUND I UST LP, HALCYON VALLÉE BLANCHE | Adversary Proc. No. 19-50390 (KBO) |

---

[1] The Debtors, and, where applicable, the last four digits of each of their respective taxpayer identification numbers, are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

MASTER FUND LP, BARDIN HILL
EVENT- DRIVEN MASTER FUND LP,
PRAETOR FUND I, A SUB FUND OF
PRAETORIUM FUND I ICAV; HIRTLE
CALLAGHAN TOTAL RETURN
OFFSHORE FUND LIMITED; HIRTLE
CALLAGHAN TOTAL RETURN
OFFSHORE FUND II LIMITED; HIRTLE
CALLAGHAN TRADING PARTNERS, L.P.;
AND THIRD SERIES OF HDML FUND I
LLC.,

                        Defendants.

## DEFENDANTS MBIA INC.'S AND MBIA INSURANCE CORPORATION'S ANSWERING BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR A STAY PENDING APPEAL OF THE BANKRUPTCY COURT'S ORDER DISMISSING THE EQUITABLE SUBORDINATION AMENDED COMPLAINT

| | |
|---|---|
| PACHULSKI STANG ZIEHL & JONES, LLP<br>919 N. Market Street<br>P.O. Box 8705<br>Wilmington, Delaware 19899 | CADWALADER, WICKERSHAM & TAFT LLP<br>200 Liberty Street<br>New York, New York 10281<br><br>*Attorneys for Defendants MBIA Inc. and MBIA Insurance Corporation* |

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ..........................................................................................1

BACKGROUND ..................................................................................................................2

ARGUMENT ........................................................................................................................2

I.   A STAY PENDING APPEAL IS UNJUSTIFIED ...................................................3

    A.   Plaintiffs' Chances To Win On Appeal Are Negligible At Best ............................3

    B.   Plaintiffs Have Not Demonstrated Irreparable Harm Absent A Stay ......................6

    C.   A Stay Would Harm The MBIA Defendants And Is Not In The Public Interest...........................................................................................................6

II.  A SUPERSEDEAS BOND WOULD BE NEEDED TO PROTECT DEFENDANTS FROM THE EFFECT OF ANY STAY ...........................................8

CONCLUSION .....................................................................................................................9

# **TABLE OF AUTHORITIES**

**PAGE(S)**

**CASES:**

*Athridge v. Iglesias,*
  464 F. Supp. 2d 19 (D.D.C. 2006) ............................................................................................8

*Bank of N. S. v. Pemberton,*
  964 F. Supp. 189 (D. V.I. 1997) ................................................................................................8

*Cohen v. KB Mezzanine Fund II, L.P. (In re SubMicron Sys. Corp.),*
  291 B.R. 314 (D. Del. 2003), *aff'd*, 432 F.3d 448 (3d Cir. 2006) .............................................5

*ePlus, Inc. v. Katz (In re Metiom, Inc.),*
  318 B.R. 263 (S.D.N.Y. 2004) ...................................................................................................7

*Hertz Corp. v. ANC Rental Corp. (In re ANC Rental Corp.),*
  No. 01-11220, 2002 WL 1058196 (D. Del. May 22, 2002) .......................................................6

*In re Forty-Eight Insulations, Inc.,*
  115 F.3d 1294 (7th Cir. 1997) ...................................................................................................4

*In re Revel AC, Inc.,*
  802 F.3d 558 (3d Cir. 2015) ..................................................................................................3, 6

*In Re Trans World Airlines, Inc.,*
  No. 01-0056, 2001 WL 1820325 (Bankr. D. Del. Mar. 27, 2001), *aff'd*,
  322 F.3d 283 (3d Cir. 2003) .......................................................................................................6

*In re W.R. Grace & Co.,*
  475 B.R. 34 (D. Del. 2012) ................................................................................................2-3, 4

*Marcoux v. Farm Serv. & Supplies, Inc.,*
  290 F. Supp. 2d 457 (S.D.N.Y. 2003) .......................................................................................8

*Official Comm. of Unsecured Creditors of Fedders N. Am., Inc. v. Goldman Sachs Credit*
  *Partners L.P. (In re Fedders N. Am., Inc.),*
  405 B.R. 527 (Bankr. D. Del. 2009) ..........................................................................................5

*Poplar Grove Planting & Refin. Co. v. Bache Halsey Stuart, Inc.,*
  600 F.2d 1189 (5th Cir. 1979) ...................................................................................................8

*Regal Ware, Inc. v. Glob. Home Prods., LLC (In re Glob. Home Prods., LLC),*
  No. 06-10340-KG, 2006 WL 2381918 (D. Del. Aug. 17, 2006) ...............................................6

*Schwartz v. Dolan,*
　　159 F.R.D. 380 (N.D.N.Y. 1995) ............................................................................................. 4

*Tilton v. Zohar III, Corp. (In re Zohar III, Corp.),*
　　No. 18-10512, 2019 WL 6910285 (D. Del. Dec. 19, 2019) ...................................................... 4

*United States v. Cianfrani,*
　　573 F.2d 835 (3d Cir. 1978) ...................................................................................................... 2

*Wynnefield Partners Small Cap Value L.P. v. Niagara Corp.,*
　　No. CIV.A. 1261-N, 2006 WL 2521434 (Del. Ch. Aug. 9, 2006) ............................................ 4

*Zohar CDO 2003-1, Ltd. v. Patriarch Partners, LLC,*
　　No. 17-cv-0307, 2021 WL 4460547 (S.D.N.Y. Sept. 29, 2021) ............................................... 5

Defendants MBIA Inc. and MBIA Insurance Corporation ("MBIA," and, together with MBIA Inc., the "MBIA Defendants") respectfully submit this answering brief in opposition to *Plaintiffs' Motion For A Stay Pending Appeal Of The Bankruptcy Court's Order On Defendants' Motions To Dismiss The Amended Complaint of Lynn Tilton And The Patriarch And Octaluna Entities For Equitable Subordination* (the "Stay Motion"), filed on March 29, 2022 (D.I. 239) (the "Stay Motion") and Plaintiffs-Appellants' opening brief in support thereof (D.I. 240) ("Plaintiffs' Brief" or "Pl. Brief").[2]

## PRELIMINARY STATEMENT

1. In its Memorandum Opinion and Order On Defendants' Motion To Dismiss The Amended Complaint Of Lynn Tilton And The Patriarch & Octaluna Entities For Equitable Subordination of March 25, 2022 [D.I. 236] (the "Dismissal Order"), the Bankruptcy Court correctly held that Plaintiffs failed to state a claim for equitable subordination under 11 U.S.C. § 510(c)(1). Plaintiffs' now attempt to overturn and stay that Dismissal Order pending appeal.

2. As a threshold matter, Plaintiffs' effort to stay a Rule 12(b)(6) dismissal that did nothing to upend the status quo *ante* is nonsensical and procedurally improper. The case is dismissed; there is nothing to "stay;" no relief is available. The Stay Motion makes clear Plaintiffs' true objective is merely to impede the Debtors' efforts to confirm a liquidation plan and delay the Zohar Funds' exit from these Chapter 11 proceedings. Any challenge to the confirmation process,

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the MBIA Defendants' opening and reply briefs in support of their motion to dismiss the Amended Equitable Subordination Complaint filed, respectively, on January 28, 2022 (D.I. 169) (the "MBIA Op. MTD Brief") and February 24, 2022 (D.I. 206) (the "MBIA Reply MTD Brief"), respectively. Additionally, the MBIA Defendants hereby join and incorporate by reference arguments made by Defendant Zohar Controlling Class in opposition to Plaintiffs' request for a stay pending appeal.

however, should be made and addressed by the parties in the Zohar Bankruptcy Cases. The Court should deny the Stay Motion and put an end to Plaintiffs' vexatious litigation in this forum.

3. Setting aside the Stay Motion's procedural infirmity, Plaintiffs utterly fail to justify the extraordinary relief sought in the Stay Motion. They do not and cannot make a prima facie showing that they are likely to (a) succeed in overturning the Court's well-reasoned Dismissal Order or (ii) suffer irreparable harm absent a stay. Even if they could clear those insurmountable hurdles (they cannot), they still fail to meet their burden of demonstrating that the balance of equities and public interest weigh in favor of a stay. To the extent the Court is inclined to enter a stay (and it unquestionably should not), the Court should require Plaintiffs to enter a supersedeas bond to be determined following further submissions.

## BACKGROUND

4. To avoid burdening the Court with a repetitive recitation of the factual and procedural history in this case, the MBIA Defendants respectfully refer the Court to the Statement of Relevant Facts and Statement of Nature and Stage of the Proceedings set forth in the MBIA Defendants' opening brief in support of their motion to dismiss. *See* MBIA MTD Op. Brief. at 1-16. Further, on March 29, 2022, four days following the Court's March 25, 2022 issuance of the Dismissal Order, Plaintiffs appealed the Dismissal Order and filed this Stay Motion. *See* D.I. 237, 239. On April 1, 2022, the Court so ordered the present briefing schedule on Plaintiffs' motion.

## ARGUMENT

5. A stay pending appeal is extraordinary relief. *United States v. Cianfrani*, 573 F.2d 835, 846 (3d Cir. 1978). The party seeking a stay has the burden of demonstrating that the circumstances justify such extraordinary relief. *In re W.R. Grace & Co.*, 475 B.R. 34, 205, (D.

Del. 2012).  Third Circuit courts consider the following four factors in determining whether a movant has met its burden:

> (1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) whether the public interest lies.

*In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015).  These factors are applied using a "sliding-scale approach," with the most weight applied to the first two factors — success on the merits and irreparable harm.  *Id.* at 569.  In evaluating the movant's likelihood of success, courts should assess whether the movant can make a "strong showing" that it has a "significantly better than negligible, but not greater than 50%" chance of winning on appeal.  *Id.* at 568, 571.  The second factor of irreparable harm refers to "'harm that cannot be prevented or fully rectified'" by a successful appeal.  *Id.* at 568 (citation omitted).  When a movant is unable to meet its burden on either of these first two factors, "the stay should be denied without further analysis" regarding the additional factors.  *Id.* at 571.

### I. A STAY PENDING APPEAL IS UNJUSTIFIED

6. Here, Plaintiffs fail to show that either of the first two critical factors weigh in favor of staying the Dismissal Order pending appeal.  Nor do they establish that the balance of harms and public interest factors support a stay.  Accordingly, the Stay Motion should be denied.

### A. Plaintiffs' Chances To Win On Appeal Are Negligible At Best

7. In the Dismissal Order, the Court held that the Amended Equitable Subordination Complaint "fails to allege sufficient facts from which the Court can infer that the Defendants behaved inequitably." Dismissal Order at 1.  The Dismissal Order not only accurately stated the applicable legal standard governing the Court's assessment of the sufficiency of the Amended Equitable Subordination Complaint and Defendants' motions to dismiss, the Court

strictly adhered to it. *See id.* at 9-10. Plaintiffs' Brief fails to identify any findings of fact or law warranting serious appellate review and, thus, does not make a strong showing that Plaintiffs have a significantly better than negligible chance of success on appeal.

8. As the District Court has already held in denying a prior request by Patriarch to stay an order of this Court pending appeal, Plaintiffs cannot meet their burden of showing a "strong" likelihood of success on appeal where they do not identify an error of fact or law justifying reversal. *See Tilton v. Zohar III, Corp.* (*In re Zohar III, Corp.*), No. 18-10512, 2019 WL 6910285, at *5-6 (D. Del. Dec. 19, 2019); *see also In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1301 (7th Cir. 1997) (a "substantial showing of likelihood of success" requires a movant seeking a stay pending appeal to demonstrate that the motion court "likely committed reversible error"). Similarly, it is well-established that a party seeking a stay cannot meet its burden by "rehash[ing]" arguments made in the decision being reviewed. *In re W.R. Grace*, 475 B.R. at 206; *see also Schwartz v. Dolan*, 159 F.R.D. 380, 384 (N.D.N.Y. 1995) ("repetition of arguments previously considered and rejected cannot be characterized as a 'strong showing'") (citation omitted); *Wynnefield Partners Small Cap Value L.P. v. Niagara Corp.*, No. CIV.A. 1261-N, 2006 WL 2521434, at *1 (Del. Ch. Aug. 9, 2006) (motion to stay pending appeal denied in part where the movant "merely restated the arguments it presented to the Court in the first instance").

9. Here, Plaintiffs do not come close to satisfying their burden of demonstrating a "significantly better than negligible" chance of winning their appeal. Plaintiffs' Brief describes four potential issues for appeal, but does not identify any legal error or improper finding of fact in the Dismissal Order. *See* Pl. Br. ¶ 10. Rather, Plaintiffs merely rehash the same arguments they made in opposing Defendants' motions to dismiss. In particular, they erroneously and generically claim that the Amended Equitable Subordination Complaint raised "factual issues" with respect to MBIA's negotiations regarding a Zohar restructuring and the SEC's administrative

proceeding against Patriarch, and that the Zohar I foreclosure auction and related litigation brought by the Zohar Funds against Patriarch to enforce their rights were part of a malicious pattern of inequitable conduct. *See id.* But the Dismissal Order already considered and rejected these very arguments and provided a well-reasoned and well-supported explanation as to why the allegations in the Amended Equitable Subordination Complaint regarding Defendants' conduct and purported motivations do not give rise to a plausible claim for relief.[3] There is no legitimate basis for an appellate court to reverse the Court's Dismissal Order, and Plaintiffs advance no argument, let alone a "strong" one, demonstrating otherwise.

10.  The Dismissal Order is further supported by the similar findings and reasoning of the Honorable P. Kevin Castel of the United States District Court for the District of New York. *See Zohar CDO 2003-1, Ltd. v. Patriarch Partners, LLC*, No. 17-cv-0307, 2021 WL 4460547 (S.D.N.Y. Sept. 29, 2021). Judge Castel's dismissal of Patriarch's claims based on nearly verbatim allegations against the MBIA Defendants in New York is directly relevant and, at minimum, highly persuasive. Indeed, Judge Castel's opinion and the extremely high standard for establishing grounds for equitable subordination on their own demonstrate that Plaintiffs are highly unlikely to succeed on the merits.[4] Accordingly, the likelihood of success factor weighs heavily against granting a stay.

---

[3] *See* Dismissal Order at 16-19, 35-38 (rejecting Plaintiffs' claim that the Zohar I foreclosure auction could support a finding that MBIA engaged in a pattern of inequitable conduct); *id.* at 20-24, 35-38 (holding that litigation brought by AMZM could not support a plausible claim for subordination); *id.* at 30-34 (explaining why allegations regarding MBIA's restructuring negotiations and discussions with the SEC did not raise triable issues of fact).

[4] Equitable subordination is a "drastic" and "unusual" remedy that alters creditors' claim priority under Section 510(c) of the Bankruptcy Code and, therefore, "should be applied only in limited circumstances." *Official Comm. of Unsecured Creditors of Fedders N. Am., Inc. v. Goldman Sachs Credit Partners L.P.* (*In re Fedders N. Am., Inc.*), 405 B.R. 527, 553-54 (Bankr. D. Del. 2009); *Cohen v. KB Mezzanine Fund II, L.P.* (*In re SubMicron Sys. Corp.*), 291 B.R. 314, 327 (D. Del. 2003), *aff'd*, 432 F.3d 448 (3d Cir. 2006).

B.   **Plaintiffs Have Not Demonstrated Irreparable Harm Absent A Stay**

11. The second factor also weighs heavily against granting a stay. More specifically, Plaintiffs fail to identify in their Brief any irreparable harm that is "more apt to occur than not" if the Stay Motion is denied. *In re Revel*, 802 F.3d at 569.

12. As an initial matter, Plaintiffs have made no showing whatsoever that they will suffer any harm as a result of the Court's decision. Dismissal of the Amended Equitable Subordination Complaint itself caused no disruption to the status quo — the parties' claims and relationships vis-à-vis the Zohar Funds are the same today as they existed prior to the Court's Dismissal Order, and they will remain the same following denial of the Stay Order.

13. Plaintiffs further concede that they are seeking a stay of the Dismissal Order as a means of exhausting their available remedies and preserving their ability to prevent the future entry of a bankruptcy confirmation order that they hypothetically may wish to appeal. *See* Pl. Br. ¶ 11. Such speculative harm, based on multiple, additional hypothetical future events, clearly is not sufficient to satisfy Plaintiffs' burden on this motion. *Hertz Corp. v. ANC Rental Corp.* (*In re ANC Rental Corp.*), No. 01-11220, 2002 WL 1058196, at *2 (D. Del. May 22, 2002) ("'[t]o constitute irreparable harm . . . an injury cannot be speculative, it must be certain, great, and actual.'") (citation omitted). It also "is well settled that an appeal being rendered moot does not itself constitute irreparable harm." *In Re Trans World Airlines, Inc.*, No. 01-0056, 2001 WL 1820325, at *10 (Bankr. D. Del. Mar. 27, 2001), *aff'd*, 322 F.3d 283 (3d Cir. 2003); *see also Regal Ware, Inc. v. Glob. Home Prods., LLC* (*In re Glob. Home Prods., LLC*), No. 06-10340-KG, 2006 WL 2381918, at *1 (D. Del. Aug. 17, 2006) ("the fact that Regal Ware's appeal could be rendered moot by the closing of the sale does not in and of itself constitute irreparable harm").

C.   **A Stay Would Harm The MBIA Defendants And Is Not In The Public Interest**

14. In contrast, a stay of the Dismissal Order will cause legitimate and

irreparable injury to the MBIA Defendants, the Zohar Debtors, and the other Zohar stakeholders. As the Court correctly determined in denying Plaintiffs' leave to further amend the Amended Equitable Subordination Complaint:

> Significant time, effort, and resources of not only the Defendants but of numerous courts have been expended on Plaintiffs' allegations that have been rehashed over and over. . . . [granting leave to amend] here is futile and potentially abusive to the Defendants and this Court.

Dismissal Order at 40. The point is equally pertinent to the Stay Motion.

15. A stay unjustifiably drives up the costs and fees incurred by the Debtors' estates and borne by the Secured Creditors. It would simultaneously prevent the Debtors from exiting the Zohar Bankruptcy Cases by indefinitely delaying confirmation of the Debtors' joint plan of liquidation of the Zohar Funds (the "Plan"). As the MBIA Defendants, the Debtors themselves, and other parties have made abundantly clear in the last several months, the Zohar estates cannot bear the cost of further delay or tactical litigation by Patriarch. The Debtors have advanced a schedule for Plan confirmation based on an assessment and consideration of remaining estate assets and resources. Delaying confirmation for any reason — including for the meritless grounds identified in Plaintiffs' Brief (*see* Point I.A., *supra*) — would irreparably injure the MBIA Defendants and other Zohar stakeholders by extending the Debtors' exit timeline and administrative expenses beyond the estates' breaking point. For similar reasons, the public interest factor weighs against granting a stay. *See ePlus, Inc. v. Katz (In re Metiom, Inc.)*, 318 B.R. 263, 272 (S.D.N.Y. 2004) (the public interest is served by "the expeditious administration of bankruptcy cases as well as in the preservation of the bankrupt's assets for purposes of paying creditors").

16. Plaintiffs' generic claims to the contrary do not withstand scrutiny. Their assertion that neither the Defendants nor the Debtors will be harmed by a stay because "the monetization process is not near completion," willfully ignores the Debtors' oft-advanced position

that the Zohar Funds have monetized a significant share of their assets and that now is the time to exit the Zohar Bankruptcy Cases. *See, e.g.*, Case No. 18-10512, D.I. 3059. Likewise, Plaintiffs' plea that they "should be permitted to explore these issues to conclusion" does not move the needle on the public interest factor. Denial of the stay will have no bearing on the merits of their appeal before the District Court.

17. Thus, to the extent that these final two factors need be considered at all given Plaintiffs' failure to carry their burden on the likelihood of success and irreparable harm, the public interest and the harm caused to Defendants and the Funds themselves by a stay demonstrably tip the scales towards denial of the Stay Motion.

## II. A SUPERSEDEAS BOND WOULD BE NEEDED TO PROTECT DEFENDANTS FROM THE EFFECT OF ANY STAY

18. In addition to the extraordinary relief of a stay, Plaintiffs ask the Court to waive "'the standard requirement of granting a stay only after posting of a supersedeas bond.'" *Marcoux v. Farm Serv. & Supplies, Inc.*, 290 F. Supp. 2d 457, 485 (S.D.N.Y. 2003) (emphasis and citation omitted); *see also Athridge v. Iglesias*, 464 F. Supp. 2d 19, 23 (D.D.C. 2006) ("'[A] full supersedeas bond should be the requirement in normal circumstances.'") (citation omitted). Plaintiffs' Brief, however, is completely devoid of any facts evidencing either the "extraordinary circumstances" or available "alternative means of securing the judgment creditor's interest" necessary for the Court to "waive the supersedeas bond requirement." *Bank of N. S. v. Pemberton*, 964 F. Supp. 189, 192 (D. V.I. 1997) (citation omitted); *see also Poplar Grove Planting & Refin. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979) (courts have very limited power to deviate from the "usual requirement of a full security supersedeas bond").

19. According to Plaintiffs, a bond is unnecessary because the monetization process under the Bankruptcy Settlement will continue during the pendency of any stay and there

is "no meaningful risk that the delay in consummation necessary to ensure that the appeal may be heard will diminish the value of proposed distributions." Pl. Br. ¶ 15. This assertion is baseless. It ignores the very real risk that a stay will significantly delay the Debtors' exit from these Zohar Bankruptcy Cases and cause the Funds' estate to incur tens or even hundreds of millions of dollars in fees and expenses that they otherwise would not incur. Indeed, based on the most recent case budget filed in the Zohar Bankruptcy Cases, the Zohar Funds are spending, on average, approximately $4.5 million per month. *See* Notice of Filing of Budget, dated March 31, 2022 (Case No. 18-10512, D.I. 3222).[5]

20. Because Plaintiffs have not demonstrated the extraordinary circumstances or available means of security required to stay the Dismissal Order absent a bond, the Court should condition any stay on the entry by the Patriarch Stakeholders of a full security supersedeas bond pursuant to Rule 8007.

## **CONCLUSION**

For the foregoing reasons, the MBIA Defendants respectfully request that the Court deny the Stay Motion or, alternatively, require Plaintiffs to post a supersedeas bond in an amount to be determined, and grant such other and further relief as the Court deems just and proper.

---

[5] The Court need only look to the length of similar Patriarch appeals to estimate the minimum amount of security required here. Tilton's appeal of the Court's September 2019 monetization order was pending in the District Court for 10 months. *See* Case No. 1:19-cv-01874-MN (D. Del. Oct. 4, 2019). Meanwhile, the appeal of the Court's October 2020 Oasis fee order was pending before the District Court for 11 months and has been pending in the Third Circuit for more than 5 months, with a decision from the Third Circuit likely months to follow the oral argument scheduled for May 2022. *See* Case No. 1:20-cv-01419-MN (D. Del. Oct. 23, 2020); Case No. 21-2799 (3d Cir. Sept. 24, 2021). Assuming a similar appellate timeline in this case, a stay could reasonably be expected to delay the Debtors' exit from the Zohar Bankruptcy Cases for approximately 20 months, causing substantial harm to creditors and the Debtors' estates which would be forced to incur additional expenses and experience further delayed recoveries. As a result, any bond issued to protect such harm would need to be significant.

| | |
|---|---|
| Dated:  April 7, 2022<br>          Wilmington, Delaware | PACHULSKI STANG ZIEHL & JONES LLP<br><br>*/s/ Timothy P. Cairns*<br>Laura Davis Jones (Bar No. 2436)<br>Timothy P. Cairns (Bar No. 4228)<br>919 N. Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE  19899-8705 (Courier 19801)<br>Telephone:  (302) 652-4100<br>Facsimile:  (302) 652-4400<br>Email:         ljones@pszjlaw.com<br>                   tcairns@pszjlaw.com<br><br>and<br><br>CADWALADER, WICKERSHAM & TAFT LLP<br>Gregory Petrick<br>Ingrid Bagby<br>Michele Maman<br>Sean F. O'Shea<br>Michael E. Petrella<br>Joshua P. Arnold<br>200 Liberty Street<br>New York, NY 10281<br>Telephone:  (212) 504-6000<br>Facsimile:  (212) 504-6666<br>Email: gregory.petrick@cwt.com<br>           ingrid.bagby@cwt.com<br>           michele.maman@cwt.com<br>           sean.o'shea@cwt.com<br>           michael.petrella@cwt.com<br>           joshua.arnold@cwt.com<br><br>*Counsel to MBIA Inc. and*<br>*MBIA Insurance Corporation* |

- 10 -