# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Zohar III, Corp., *et al.*,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 18-10512 (KBO)<br><br>Jointly Administered |
| LYNN TILTON; PATRIARCH PARTNERS VIII, LLC; PATRIARCH PARTNERS XIV, LLC; PATRIARCH PARTNERS XV, LLC; OCTALUNA, LLC; OCTALUNA II, LLC; and OCTALUNA III, LLC,<br><br>        Plaintiffs,<br><br>      v.<br><br>MBIA INC., MBIA INSURANCE CORPORATION, U.S. BANK, N.A., ALVAREZ & MARSAL ZOHAR MANAGEMENT, CREDIT VALUE PARTNERS, LP, BARDIN HILL INVESTMENT PARTNERS F/K/A HALCYON CAPITAL MANAGEMENT LP, COÖPERATIEVE RABOBANK U.A., VÄRDE PARTNERS, INC., ASCENSION ALPHA FUND LLC, ASCENSION HEALTH MASTER PENSION TRUST, CAZ HALCYON OFFSHORE STRATEGIC OPPORTUNITIES FUND, L.P., CAZ HALCYON STRATEGIC OPPORTUNITIES FUND, L.P., BROWN UNIVERSITY, HCN LP, HALCYON EVERSOURCE CREDIT LLC, HLF LP, HLDR FUND I NUS LP, HLDR FUND I TE LP, HLDR FUND I UST LP, HALCYON VALLÉE BLANCHE MASTER FUND LP, BARDIN HILL EVENT-DRIVEN MASTER FUND LP, PRAETOR FUND I, A SUB FUND OF PRAETORIUM | Adversary No. 19-50390 (KBO) |

---

[1] The Debtors, and, where applicable, the last four digits of each of their respective taxpayer identification numbers, are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is c/o FTI Consulting, Inc., 1166 Avenue of the Americas, 15th Floor, New York, NY 10036.

FUND I ICAV; HIRTLE CALLAGHAN
TOTAL RETURN OFFSHORE FUND
LIMITED; HIRTLE CALLAGHAN TOTAL
RETURN OFFSHORE FUND II LIMITED;
HIRTLE CALLAGHAN TRADING
PARTNERS, L.P.; AND THIRD SERIES OF
HDML FUND I LLC.,

                    Defendants.

**REPLY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR A STAY PENDING APPEAL OF THE BANKRUPTCY COURT'S ORDER ON DEFENDANTS' MOTIONS TO DISMISS THE AMENDED COMPLAINT OF LYNN TILTON AND THE PATRIARCH & OCTALUNA ENTITIES FOR EQUITABLE SUBORDINATION**

      Patriarch Partners VIII, LLC, Patriarch Partners XIV, LLC, Patriarch Partners XV, LLC, Octaluna, LLC, Octaluna II, LLC, Octaluna III, LLC, and Lynn Tilton (collectively, "Plaintiffs" or "Patriarch"), submit this reply in further support of their motion, pursuant to Rule 8007(a) of the Federal Rules of Bankruptcy Procedure, for a stay pending appeal of the Court's *Memorandum Opinion and Order on Defendants' Motions to Dismiss the Amended Complaint of Lynn Tilton and the Patriarch & Octaluna Entities for Equitable Subordination* [Adv. D.I. 239] (the "Motion"), and in response to the oppositions to the Motion filed by MBIA [Adv. D.I. 254] (the "MBIA Opp.") and the Zohar III Controlling Class [Adv. D.I. 253] (the "Z III Opp.") (together, the "Oppositions").[2] In further support of the Motion, Plaintiffs respectfully state as follows:

**PRELIMINARY STATEMENT**

      1.      The Oppositions principally contend that the Motion be denied because a stay could potentially delay confirmation of a bankruptcy plan and cause the Debtors to incur additional administrative fees. But they fundamentally fail to recognize or acknowledge the obvious and significant imbalance of interests presented by Patriarch's Motion. If the Motion is denied and the

---

[2] Capitalized terms not otherwise defined here have the meanings given to them in the Motion.

2

57772/0001-42900247v1

Court confirms the Plan on June 1, 2022 as if there were no Equitable Subordination claim, then Patriarch's right to appeal the Order—and with it, Patriarch's billion-dollar Equitable Subordination Claim—will likely be extinguished. While Patriarch respects the desire of the Debtors and Defendants to achieve confirmation, the Court should weigh the enormous value of Patriarch's appellate rights against the relatively minor administrative costs and delay a stay may pose to Defendants or to the Debtors.

2.  The unfairness of denying a stay under these circumstances is particularly acute given that any potential costs and delay in confirmation are problems of the Debtors' and Defendants' own making. As detailed in the Motion and in Patriarch's objection to the Debtors' motion for an order establishing a schedule [Bankr. D.I. 3027], it was the Debtors' and the Defendants' decision to structure the Plan in such a way that required Patriarch's Equitable Subordination claim to be resolved in advance or as part of confirmation. That was a deliberate, strategic move to put Equitable Subordination on a fast track, hamstring Patriarch's ability to prosecute its case in a fulsome manner, and inextricably tie it to the Plan's confirmability. It would be the height of unfairness to use Defendants' and Debtors' freely chosen Plan as a basis to snuff out Patriarch's appellate rights and underlying claim.

3.  Moreover, if the Court were to stay the Order pending appeal, there is a readily available solution to the supposed timing issues: Debtors could modify the Plan to provide for the post-confirmation resolution of the Equitable Subordination claim and could then proceed to confirmation. This would prevent irreparable harm to Patriarch without imposing the delay and costs Defendants now put forth as reasons to deny the Motion.

**ARGUMENT**

I.     **The Court Should Stay the Order Pending Appeal.**

    A.     **Plaintiffs Have a Reasonable Chance of Success On The Merits.**

        4.     As Defendants MBIA and the Zohar III Controlling Class acknowledge, Plaintiffs do not need to demonstrate that they are more likely than not to succeed on their appeal. The "strong showing" requirement for a stay may be granted where Plaintiffs have shown a "reasonable chance, or probability" of success on the merits. *See Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011) (en banc).

        5.     While the Zohar III Controlling Class casts Patriarch's appeal as mere "dissatisfaction" with the Court's Order, Patriarch's appeal raises substantial legal issues, including whether the Court properly applied Federal Rule 12(b)(6) and whether the Court properly found that the issues determined in prior court proceedings between the parties were identical for purposes of applying collateral estoppel.

        6.     Importantly, the District Court will review the Order *de novo* and without giving deference to any of the Court's determinations. *See Witasick v. Minnesota Mut. Life Ins. Co.*, 803 F.3d 184, 192 (3d Cir. 2015) (district court reviews bankruptcy court's grant of motion under Federal Rule 12(b)(6) *de novo*, accepting all allegations in the complaint as true and construing them in the light most favorable to the plaintiff). The standard of review is of critical importance here since one of the appellate issues arises from the fact that the Order (and the SDNY Decision on which the Order relied) resolved Plaintiffs' allegations at the pleading phase. Patriarch has never had the benefit of discovery that would shed additional light on Defendants' motivations for the conduct described in the Amended Complaint.

4

### B.  Patriarch Will Be Irreparably Injured Absent a Stay.

7.  MBIA's contention that the Motion is "nonsensical and procedurally improper," MBIA Opp. at 1, is simply wrong. To the contrary, Patriarch is compelled to bring this Motion. If the Plan proceeds to a confirmation hearing without a stay of the Order, and if the Court approves the Plan, such approval will for all intents and purposes give absolute and final effect to the Order, regardless of the pending appeal. Had Patriarch failed to seek a stay of the Order, such failure would weigh against its ability to seek a stay of a confirmation order that would (if the Plan is confirmed) completely extinguish Patriarch's appellate rights with respect to the Order and also *the claim itself. See, e.g., Osmar Sylvania, Inc. v. SLI, Inc.*, No. 02-12608 (MFW), 2004 WL 2346021, at *3 (D. Del. Oct. 5, 2004) (creditor's failure to seek a stay of the sale pending appeal weighed in support of holding that appeal was equitably moot); *In re Mortgages Ltd.*, 771 F.3d 1211, 1218 (9th Cir. 2014) (failure to seek a stay of an order clarifying a plan provision was considered as a factor in support of equitable mootness in a combined appeal of a later distribution order); *In re Mann*, 907 F.2d 923, 925 (9th Cir. 1990) (failure to seek stay of lift stay order considered a factor in support of equitable mootness in appeal of later foreclosure sale that resulted after the stay was lifted); *In re ISE Corp.*, No. 11CV2704-L NLS, 2012 WL 4793068, at *4 (S.D. Cal. Oct. 9, 2012) (failure to seek stay of prior procedural order was considered as a factor in support of equitable mootness in a combined appeal of a later settlement order).

8.  There is nothing "speculative" or "hypothetical" about this outcome, MBIA Opp. at 6, as the Debtors have proposed a Plan that was expressly designed to ensure this very outcome. Indeed, in order to undercut Patriarch's appellate rights they proposed a timeline for confirmation that contemplates a confirmation hearing in under two months. *See* Bankr. D.I. 3247.

### C. The Balance of Harms Favors Granting a Stay Pending Appeal.

9. Notwithstanding that the impending confirmation of the Defendants' preferred Plan would almost certainly extinguish Patriarch's Equitable Subordination claim forever, negating its appellate rights, MBIA and the Zohar III Controlling Class contend that the stay would harm them by "extending the Debtors' exit timeline and administrative expenses beyond the breaking point." MBIA Opp. at 7.

10. Even if this assessment of the Debtors' ability to pay out creditors were credible, Defendants' argument reflects a problem that is entirely of their own making. There is no independent reason why resolution of Patriarch's equitable subordination claim should delay confirmation of a bankruptcy Plan (thereby imposing additional administrative fees on the estate). The Debtors could continue to monetize the portfolio companies and distribute the proceeds to creditors without conditioning this process on resolution of Patriarch's claim. Whatever additional self-inflicted costs an appeal of the Order would cause the Debtors to incur are outweighed by the value of Patriarch's claim, which could be worth hundreds of millions of dollars.

### D. The Public Interest Favors Granting a Stay Pending Appeal.

11. For the same reasons cited above, the public interest does not weigh against the issuance of a stay. The Zohar Funds assets are debt and equity interests in non-debtor and debtor portfolio companies and this bankruptcy proceeding does not interfere with the operation and monetization of those companies. To the extent that a stay would impose administrative costs on the Debtors, these costs arise as a result of Debtors' decision to structure plan confirmation to moot Patriarch's appeal.

## II. No Supersedeas Bond Is Warranted.

12. Defendants' oppositions do not identify any potential losses resulting from the stay which would justify imposition of a supersedeas bond pending appeal. While MBIA and the Zohar

III Controlling Class gesture broadly to the administrative costs associated with delaying the Debtors' exit from bankruptcy, as argued above, there is no particular reason why the Debtors' exit should be conditioned on extinguishment of Patriarch's right to appeal the equitable subordination claim.

13. As argued in the Motion, there is no reason to think that the grant of the stay would have any effect on the value of the collateral and diminish the value of proposed distributions under the Plan. *See In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 351 (S.D.N.Y. 2007) (holding that imposition of a bond is only necessary in circumstances where the grant of a stay pending appeal is likely to "diminish the value of an estate" or "endanger [the non-moving parties'] interest in the ultimate recovery" (alternation in original)).

[*Remainder of page intentionally left blank.*]

## **CONCLUSION**

WHEREFORE, Patriarch respectfully requests that the Court stay the Order pending appeal and grant Patriarch other such relief as may be warranted under the circumstances.

Dated:  April 12, 2022

                               **COLE SCHOTZ P.C.**

                               By: */s/ G. David Dean*
                               Norman L. Pernick (No. 2290)
                               G. David Dean (No. 6403)
                               Andrew J. Roth-Moore (No. 5988)
                               500 Delaware Avenue, Suite 1410
                               Wilmington, DE  19801
                               Telephone: (302) 652-3131
                               Facsimile: (302) 652-3117
                               npernick@coleschotz.com
                               ddean@coleschotz.com
                               aroth-moore@coleschotz.com

                               – and –

                               **SHER TREMONTE LLP**

                               Theresa Trzaskoma (Admitted Pro Hac Vice)
                               Justin J. Gunnell (Admitted Pro Hac Vice)
                               Vikram Shah (Admitted Pro Hac Vice)
                               90 Broad Street, 23rd Floor
                               New York, New York 10004
                               Telephone: (212) 202-2600
                               Facsimile: (212) 202-4156
                               ttrzaskoma@shertremonte.com
                               jgunnell@shertremonte.com
                               vshah@shertremonte.com

                               *Counsel to Lynn Tilton, Patriarch Partners VIII, LLC, Patriarch Partners XIV, LLC, Patriarch Partners XV, LLC, Octaluna, LLC, Octaluna II, LLC, and Octaluna III, LLC*

8